UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDREW BROWN,

     Plaintiff,

v.                    Case No. 8:24-cv-2777-VMC-LSG

CSX TRANSPORTATION, INC.,

     Defendant.

_____/

## ORDER

This matter is before the Court on consideration of Defendant CSX Transportation, Inc.'s Motion in Limine (Doc. # 188), and Plaintiff Andrew Brown's Motion in Limine (Doc. # 189), both filed on January 8, 2026. Each side has responded to the other's Motion. (Doc. ## 191, 192). For the reasons that follow, CSX's Motion is granted in part and denied in part, and Mr. Brown's Motion is denied.

## I.   Legal Standard

"A motion in limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial." In re Seroquel Prods. Liab. Litig., Nos. 6:06-md-1769-ACC-DAB, 6:07-cv-15733-ACC-DAB, 2009 WL 260989, at *1

(M.D. Fla. Feb. 4, 2009). "The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably effect the fairness of the trial." Id. (internal quotation omitted). "A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." Id. (internal quotation omitted).

"A motion in limine is not the proper vehicle to resolve substantive issues, to test issues of law, or to address or narrow the issues to be tried." LSQ Funding Grp. v. EDS Field Servs., 879 F. Supp. 2d 1320, 1337 (M.D. Fla. 2012) (citing Royal Indem. Co. v. Liberty Mut. Fire Ins. Co., No. 07-80172-CIV, 2008 WL 2323900, at *1 (S.D. Fla. June 5, 2008)). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." In re Seroquel, 2009 WL 260989, at *1 (internal quotation marks omitted). "Instead, denial of the motion means the court cannot determine whether the evidence in question should be excluded outside the trial context." Id. "The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine." Id.

Federal Rule of Civil Procedure 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402. All relevant evidence is admissible unless "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 402, 403; United States v. Ross, 33 F.3d 1507, 1524 (11th Cir. 1994). Use of Rule 403 to exclude relevant evidence is an "extraordinary remedy" whose "major function . . . is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." United States v. Grant, 256 F.3d 1146, 1155 (11th Cir. 2001).

This Court has broad discretion to determine the admissibility of evidence, and the appellate court will not disturb this Court's judgment absent a clear abuse of discretion. United States v. McLean, 138 F.3d 1398, 1403 (11th Cir. 1998); see also United States v. Jernigan, 341 F.3d 1273,

1285 (11th Cir. 2003) ("Inherent in this standard is the firm recognition that there are difficult evidentiary rulings that turn on matters uniquely within the purview of the district court, which has first-hand access to documentary evidence and is physically proximate to testifying witnesses and the jury.").

## II.  Discussion

### A.   CSX's Motion

CSX's Motion seeks to exclude four categories of evidence:

(1) Evidence from Mr. Brown's treating physicians;

(2) Evidence about the emotional effects of Mr. Brown's dismissal;

(3) Evidence regarding the merits of other CSX employees' discipline for suspected FMLA abuse; and

(4) Evidence regarding Mr. Brown's child.

(Doc. # 188).

### 1.   Evidence from Mr. Brown's Treating Physicians

As CSX notes, "[t]he issue in this case is not whether [Mr. Brown] actually misused FMLA leave over Christmas and on New Year's Eve 2017, but whether CSX honestly believed he did and truly disciplined him on that basis." (Id. at 7-8). However, testimony relating to Mr. Brown's medical condition "is appropriate to provide relevant background information

4

and to put other facts in context." <u>Lawson v. Plantation Gen. Hosp., L.P.</u>, No. 08-61826-CIV, 2010 WL 11504715, at *3 (S.D. Fla. May 7, 2010) (finding that evidence of plaintiff's sickle cell disease was admissible to provide relevant background information and context related to her FMLA retaliation claim). Because the Court cannot determine now that lay witness testimony from Mr. Brown's treating physicians is inadmissible on all potential grounds, exclusion under Rule 403 is inappropriate. The Motion is denied to the extent CSX seeks to preclude Mr. Brown's treating physicians from testifying as lay witnesses.

CSX argues that to the extent any of Mr. Brown's treating physicians "would be testifying that, in their opinion, [Mr.] Brown's use of FMLA leave over Christmas and on New Year's Eve 2017 was legitimate or otherwise consistent with his condition, such testimony should also be excluded" because: (1) "[Mr.] Brown did not disclose Dr. Lopez or any of his other doctors as expert witnesses, and so they can only testify as lay witnesses," and (2) "such testimony is an improper attempt to bolster [Mr.] Brown's credibility." (Doc. # 188 at 9-10). The Court agrees that Mr. Brown's treating physicians should be limited to offering lay witness testimony as Mr. Brown made no Rule 26(a)(2)(C) disclosures

with respect to such witnesses and "has not shown that their absence is justified or harmless." Ortega-Guzman v. Sam's East, Inc, D/B/A Sam's Club, No. 16-81977-CIV, 2018 WL 11343940, at *2-4 (S.D. Fla. Aug. 30, 2018) (citing Fed. R. Civ. P. 37(c)(1)) (precluding plaintiff's treating physicians from offering expert testimony where plaintiff did not provide required Rule 26(a)(2)(C) disclosures); see also United States v. An Easement & Right-of-way Over 1.58 Acres of Land, 343 F. Supp. 3d 1321, 1339 (N.D. Ga. 2018) ("Defendant made no Rule 26(a)(2)(C) disclosures at all here, and he certainly did not put the Government on notice of the facts and opinions upon which he expected to testify sufficiently early in the litigation to allow the Government to test those facts and opinions. As such, the opinions are subject to exclusion.").

"The testimony of treating physicians presents special evidentiary problems that require great care and circumspection by the trial court." Williams v. Mast Biosurgery USA, Inc., 644 F.3d 1312, 1316 (11th Cir. 2011). "Much of the testimony proffered by treating physicians is an account of their experience in the course of providing care to their patients." Id. at 1316-17. "Often, however, their proffered testimony can go beyond that sphere and purport to

6

provide explanations of scientific and technical information not grounded in their own observations and technical experience." Id. at 1317. "When such a situation presents itself, the trial court must determine whether testimony not grounded in the physician's own experience meets the standard for admission as expert testimony." Id. "[W]hen a treating physician's testimony is based on a hypothesis, not the experience of treating the patient, it crosses the line from lay to expert testimony. Id. at 1317-18.

In response to CSX's Motion, Mr. Brown argues that his treating physicians "are uniquely positioned to explain," among other things, whether Mr. Brown's alleged pattern of using FMLA leave "is medically consistent with the diagnosis for which intermittent leave was certified." (Doc. # 191 at 6). This is the type of hypothetical situation that crosses the line into expert testimony. See United States v. Henderson, 409 F.3d 1293, 1300 (11th Cir. 2005) ("[T]he ability to answer hypothetical questions is [t]he essential difference between expert and lay witnesses." (internal citation and quotation marks omitted)). Accordingly, the Motion is granted to the extent that Mr. Brown's treating physicians are precluded from offering expert testimony at trial.

### 2. Evidence of Emotional Distress Caused by Mr. Brown's Termination

"[T]he FMLA does not allow recovery for mental distress." Graham v. State Farm Mut. Ins. Co., 193 F.3d 1274, 1284 (11th Cir. 1999). Accordingly, evidence of the emotional effects of Mr. Brown's dismissal has minimal, if any, relevance and is unfairly prejudicial. Such evidence is excluded under Rule 403. See Admore v. Hospice of Palm Beach Cnty. Inc., No. 22-12280, 2024 WL 371948, at *4 n.5 (11th Cir. Feb. 1, 2024) (finding that district court did not "commit plain error when it excluded evidence regarding emotional distress or other non-pecuniary damages because Admore was not entitled to such damages under the FMLA as a matter of law."); Harley v. Health Ctr. of Coconut Creek, Inc., 518 F. Supp. 2d 1364, 1370–71 (S.D. Fla. 2007) (granting defendants' motion to exclude evidence of non-pecuniary damages at trial on FMLA retaliation claims).

The Court grants the Motion as to category 2.

### 3. Evidence of the Merits of Other CSX Employees' Discipline for Suspected FMLA Abuse

"In cases alleging employment discrimination and retaliation, 'me too' evidence involving claims made by other employees may be properly admitted pursuant to Federal Rule

8

of Evidence 404(b) 'to prove the defendant's motive, . . . intent, . . . [or] plan' to discriminate against the plaintiff." Hausburg v. McDonough, No. 8:20-cv-2300-JSS, 2024 WL 111994, at *2 (M.D. Fla. Jan. 10, 2024) (quoting Goldsmith v. Bagby Elevator Co., 513 F.3d 1261, 1286 (11th Cir. 2008)). "Determining whether Rule 404(b) or corroborative evidence is admissible is a 'fact-intensive, context-specific inquiry' that 'rests within the sound discretion of the district court[.]'" Hausburg, 2024 WL 111994, at *2 (quoting Adams v. Austal, U.S.A., L.L.C., 754 F.3d 1240, 1258 (11th Cir. 2014)). "Courts generally admit only that corroborative evidence that closely compares with the circumstances alleged by the plaintiff." Id. (internal citation and quotation marks omitted).

Here, CSX makes clear that it "does not move to exclude [Mr.] Brown from presenting evidence of disparate treatment — proof that other similarly situated employees were treated better than he was treated." (Doc. # 188 at 12). Rather, CSX seeks to preclude "evidence regarding the reasonableness or unreasonableness of other disciplinary decisions involving FMLA abuse." (Id. at 12-13). In response, Mr. Brown represents that he "does not need, and does not seek, a series of mini-trials about each employee's medical condition" and asserts

9

that "[w]hat matters is the framework CSX applied — how it defined 'suspicion,' how it screened employees, what it treated as exculpatory or inculpatory, and whether the process was meaningfully individualized." (Doc. # 191 at 15).

At this point, the Court cannot determine that unspecified evidence regarding "the merits" of CSX's discipline of other employees suspected of FMLA abuse is inadmissible on all potential grounds. At trial, when it becomes clear what evidence Mr. Brown intends to introduce, CSX may raise its objection again. The Motion is denied as to category 3.

### 4. <u>Evidence of Mr. Brown's Daughter</u>

It is undisputed that Mr. Brown never disclosed to CSX the fact that his daughter is not his biological child. (Doc. # 191 at 17-18). Therefore, evidence that Mr. Brown learned this information in or around September 2016 has no relevance to whether CSX terminated Mr. Brown based on its good faith belief that he dishonestly took FMLA leave or whether, as Mr. Brown contends, CSX retaliated against him for taking FMLA leave on days when the company had high FMLA usage. In any event, even if the evidence has any minimal relevance, it would be substantially outweighed by a danger of unfair prejudice to CSX.

10

The Motion is granted as to category 4.

**B.   Mr. Brown's Motion**

Mr. Brown's Motion seeks to exclude three categories of evidence:

> (1) Evidence "outside the disciplinary-hearing transcript and exhibits";
>
> (2) References to the appeal/arbitration process and the arbitration decisions; and
>
> (3) Opinion testimony from CSX witnesses other than William Blanchetti regarding whether Mr. Brown misused FMLA leave or deserved discipline.

(Doc. # 189).

**1.   Evidence Outside the Record of the Disciplinary Hearings**

Mr. Brown argues that "CSX should not be permitted to expand" the record from the hearings on Mr. Brown's disciplinary charges "by offering new, extra-record evidence as substantive proof that [Mr.] Brown misused FMLA or as a post-hoc justification for discipline that the [collective bargaining agreement] required be grounded in the hearing record." (Doc. # 189 at 7). In response, CSX represents that it "does not intend to rely on any 'post-hoc' justifications" to defend its disciplinary decision. (Doc. # 192 at 6). However, CSX argues that "evidence outside the investigatory record could be relevant for other purposes – to credibility,

11

for example – and the sweeping order [Mr.] Brown seeks could tie CSX's hands unnecessarily and prematurely." (Id.).

The Court agrees with CSX that "whether evidence outside of the investigatory record is relevant and admissible should be decided on a case-by-case basis, as those issues arise" at trial. (Id. at 7); see Robbins v. Robertson, No. 7:15-cv-00124 (WLS), 2022 WL 2987890, at *5 (M.D. Ga. July 28, 2022) ("Motions in limine that are broad, vague, and include speculative categories of evidence and argument of which the Court cannot predetermine the admissibility are due to be denied, as the real purpose of a motion in limine is to avoid the introduction of evidence at trial that is clearly inadmissible on all potential grounds and could irretrievably impact the fairness of the trial." (citation and internal quotation marks omitted)).

The Motion is denied as to category 1.

### 2.    References to the Arbitration Process and the Arbitration Decisions

Mr. Brown argues that the Court should exclude references to the arbitration process by which CSX employees may challenge disciplinary decisions, as well as the arbitration decisions issued regarding Mr. Brown. (Doc. # 189 at 9-11). Mr. Brown contends that "line of proof carries

outsized risk and minimal legitimate probative value in an FMLA case because it invites the jury to defer to a contract-based arbitration determination rather than decide the statutory claims before it, and it would sidetrack [the] trial into collateral disputes over arbitration procedures, standards of review, and contractual issues." (Id. at 9-10). In response, CSX argues that such evidence is relevant because Mr. Brown has placed the fairness of CSX's disciplinary process and the legitimacy of its disciplinary decisions at issue. (Doc. # 192 at 8-9). CSX contends that evidence of the arbitration process and the arbitration decisions is not unduly prejudicial or confusing to the jury. (Id. at 9-10). The Court agrees with CSX.

An employee may challenge CSX's disciplinary determination by filing a grievance pursuant to the CBA. (Doc. # 15-11 at ¶ 17). The CBA establishes a "multi-step grievance process culminating in final and binding arbitration," in which the "arbitrator can reduce or overturn the discipline." (Id.). Mr. Brown's union challenged CSX's disciplinary decisions, which were upheld at arbitration before the Public Law Board. (Doc. # 91-3 at 37-38, 40-44). Regarding the Christmas holiday charge, the arbitrator determined that Mr. Brown "was afforded a fair and impartial hearing" and that

13

there was "sufficient evidence in the record to support the finding that [Mr. Brown] violated [CSX's] Operating Rule [104.2(a)]." (Id. at 38). Regarding the New Year's charge and dismissal, the arbitration panel found that the "circumstantial evidence and the reasonable inference to be drawn there from would lead a reasonable person to deduce that the claimant's mark-off history exhibited a pattern that he used FMLA leave solely to avoid working on holidays and to extend his time off, and not for legitimate medical reasons." (Id. at 43).

The arbitration decisions are relevant to the disputed issue of whether CSX terminated Mr. Brown based on a good faith belief that he misused FMLA leave. See Lloyd v. Greater Cleveland Reg'l Transit Auth., No. 1:18-CV-01557, 2021 WL 4914203, at *1, 3 (N.D. Ohio Oct. 20, 2021) (holding that an arbitration decision was "relevant because it addresses several key issues" in a case involving an FMLA retaliation claim, "including whether GCRTA terminated Lloyd for just cause"); Muflihi v. U.S. Steel Corp., No. 22-CV-12609, 2025 WL 2656035, at *8 (E.D. Mich. Sept. 16, 2025) (finding that "arbitrator's opinion that there was no proper cause to discharge Plaintiff" and that "USS violated its policies and conducted an inappropriate investigation" is relevant

14

evidence in an employment discrimination trial as "the finding that USS terminated Plaintiff without proper cause is highly probative on the issue of whether USS had a legitimate, non-discriminatory reason for Plaintiff's discharge").

The Court further finds that the probative value of the arbitration decisions is not substantially outweighed by the danger of unfair prejudice or confusing the issues. To the extent Mr. Brown is concerned there is "a substantial danger that jurors will uncritically defer to another tribunal's conclusions rendered under different standards and for different purposes" (Doc. # 189 at 10) (citing Beyer v. Miami-Dade Cnty., No. 20-11279, 2024 WL 1358448, at *3 (11th Cir. Apr. 1, 2024)), if this evidence is introduced, the Court will consider issuing a limiting instruction.

The Motion is denied as to category 2.

3.   **Opinion Testimony from CSX Witnesses Other Than Mr. Blanchetti Regarding Whether Mr. Brown Misused FMLA Leave or Deserved Discipline**

Mr. Brown argues that CSX should be precluded from calling witnesses other than the ultimate decisionmaker, Mr. Blanchetti, "who participated in the disciplinary apparatus — particularly Labor Relations personnel — and elicit[ing] their opinions that [Mr.] Brown's FMLA usage was 'misuse,'

15

that he was 'dishonest,' or that he 'should have been' disciplined." (Doc. # 189 at 12). Such evidence is highly probative of CSX's defense that it had a good faith belief that Mr. Brown dishonestly took FMLA leave over the 2017-2018 end-of-year holidays. Contrary to Mr. Brown's contention, such testimony is not a legal conclusion and does not "merely tell the jury what conclusion to reach." (Id.). If any of CSX's witnesses attempt to offer a legal conclusion or usurp the jury's role by telling it what result to reach, the Court will entertain specific objections by Mr. Brown at that time.

The Motion is denied as to category 3.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1)  Defendant CSX Transportation, Inc.'s Motion in Limine (Doc. # 188) is **GRANTED** in part and **DENIED** in part to the extent explained in this order.

(2)  Plaintiff Andrew Brown's Motion in Limine (Doc. # 189) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 24th day of February, 2026.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

16